UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| David Zimand,<br><br>                              Plaintiff,<br><br>     - against -<br><br>OnlySimchas.com, Inc.,<br><br>                              Defendant. | Docket No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff David Zimand ("Zimand" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant OnlySimchas.com, Inc. ("OnlySimchas.com" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Bar Rafael and Adi Ezra, owned and registered by Zimand, a New Jersey based professional photographer. Accordingly, Zimand seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New Jersey.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Zimand is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 34 East Palisade Avenue, Englewood, NJ 07631.

6.      Upon information and belief, OnlySimchas.com is a domestic business corporation duly organized and existing under the laws of the State of New Jersey, with a place of business at 16 Henrietta Avenue, Bergenfield, NJ 07621. Upon information and belief OnlySimchas.com is registered with the New Jersey Department of State Division of Corporations to do business in the State of New Jersey. At all times material, hereto, OnlySimchas.com has owned and operated a website at the URL: www.onlysimchas.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Zimand photographed Bar Rafael and Adi Ezra (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Zimand is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.      The Photograph was registered with the United States Copyright Office and was given registration number VAu 1-206-111 and titled "Times of Israel Gala Portraits 2015."  See Exhibit B.

**B.      Defendant's Infringing Activities**

10.      On or about October 21, 2017, OnlySimchas.com  ran an article on the Website.

See URL http://www.onlysimchas.com/jewish-news/mazel-tov-to-israeli-supermodel-bar-refaeli-

and-husband-adi-ezra-on-baby-girl-2/ (the "Article"). The Article prominently featured the

Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

11.      OnlySimchas.com did not license the Photograph from Plaintiff for its article, nor

did OnlySimchas.com have Plaintiff's permission or consent to publish the Photograph on its

Website.

## FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

12.      Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-11 above.

13.      OnlySimchas.com infringed Plaintiff's copyright in the Photograph by

reproducing and publicly displaying the Photograph on the Website. OnlySimchas.com is not,

and has never been, licensed or otherwise authorized to reproduce, publically display, distribute

and/or use the Photograph.

14.      The acts of Defendant complained of herein constitute infringement of Plaintiff's

copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the

Copyright Act, 17 U.S.C. §§ 106 and 501.

15.      Upon information and belief, the foregoing acts of infringement by Defendant

have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's

rights.

16.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
### (17 U.S.C. § 1202)

19.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20.     When the Photograph was published by Zimand, the Photograph contained copyright management information under 17 U.S.C. § 1202(b).

21.     Upon information and belief, Defendant copied the image, which contained copyright management information, and pasted it to its Website.

22.     Upon information and belief, Defendant intentionally and knowingly removed copyright management information identifying Zimand as the author and copyright owner of the Photograph.

23.     The conduct of Defendant violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.  Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

26.     As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant OnlySimchas.com be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant OnlySimchas.com be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. §§ 504 and 1203(b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated:  July 27, 2018
Clifton, New Jersey

*MANEVITZ LAW FIRM*

BY: /s/Ben D. Manevitz/
Ben D. Manevitz
Manevitz Law Firm
805 Clifton Avenue
Clifton, NJ 07013
(973) 594-6529
ben@manevitzlaw.com
*Attorney for Plaintiff*